UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Feliciano Lopez-Castillo,

        Defendant.

Case No. 18-cv-1280 (JNE)
Case No. 15-cr-279 (JNE/TNL) (2)
ORDER

A grand jury charged Defendant with one count of conspiracy to distribute methamphetamine and two counts of possession with intent to distribute methamphetamine. Each count alleged that his conduct involved 50 grams or more of actual methamphetamine. On the day that his trial was scheduled to start, Defendant pleaded guilty to possession with intent to distribute some quantity of actual methamphetamine. The Court sentenced him to 120 months' imprisonment. Defendant appealed, and the United States Court of Appeals for the Eighth Circuit dismissed the appeal. *United States v. Lopez-Castillo*, 705 F. App'x 484 (8th Cir. 2017) (per curiam).

Approximately five months after the dismissal of his appeal, Defendant filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (2012). He asserted that he received ineffective assistance of counsel because (1) his attorney failed to argue that he was not subject to a mandatory minimum of 120 months; (2) his attorney failed to make a "hardship argument" on appeal; and (3) his attorney failed to properly argue the issue of sentencing disparities with his co-defendants. The United States opposed Defendant's motion. Defendant responded by objecting to the United States'

1

opposition and by moving for leave to amend. The Court denied Defendant's § 2255 motion and declined to issue a certificate of appealability. The Court did not address his motion for leave to amend.

Less than three weeks after the entry of judgment, the Court received Defendant's motion to alter or amend the judgment. Citing Rules 59(e) and 60(b)(1) of the Federal Rules of Civil Procedure, Defendant asserted that the Court should reconsider the denial of his § 2255 motion because the Court did not address his motion for leave to amend. The United States asserted that the Court should grant Defendant's motion to alter or amend the judgment, consider the amended claims, and deny the amended § 2255 motion.

Because the Court denied Defendant's § 2255 motion without addressing his motion for leave to amend, the Court grants his motion to alter or amend the judgment and vacates the judgment. *Cf. United States v. Sellner*, 773 F.3d 927, 931-32 (8th Cir. 2014) ("We now join our sister circuits and hold that when a *pro se* petitioner files a second § 2255 motion while her first § 2255 motion is still pending before the district court, the second motion is not barred by AEDPA and should be construed as a motion to amend."). The Court grants Defendant's motion for leave to amend. *See* Fed. R. Civ. P. 15(a).

In his amended § 2255 motion, Defendant asserted that he received ineffective assistance of counsel because his attorney failed to argue on appeal that the government obtained certain evidence against him in violation of his Fourth Amendment rights. He

asserted that a guilty plea does not necessarily bar a constitutional challenge on direct appeal.

Section 2255 "provides a remedy for jurisdictional and constitutional errors." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc). "Beyond that, the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited; 'an error of law does not provide a basis for collateral attack unless the claimed error constituted "a fundamental defect which inherently results in a complete miscarriage of justice."'" *Id.* (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).

To prevail on a claim of ineffective assistance of counsel, a defendant must show "that counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. In assessing the reasonableness of counsel's conduct, a court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

In this case, Defendant filed motions to suppress, and the Court denied them. Later, Defendant and the United States entered into a plea agreement, which states:

> The defendant understands and agrees that he has certain rights to file pretrial motions in this case. As part of this plea agreement, and based upon the concessions of the United States contained herein, the defendant knowingly, willingly and voluntarily agrees to withdraw the pretrial

> motions he has filed and to give up the right to file any pretrial motions.

At his change of plea hearing, Defendant acknowledged that he was giving up his right to advance the arguments made in his pretrial motions. The Court stated:

> You have made certain pretrial motions in this case, and there have been some rulings. You give up your right to make any more legal challenges to anything that has been done in connection with the prosecution of you. You also give up your right to appeal or to continue to challenge any of the things that you have challenged by means of a motion so far. Do you know that a guilty plea would be the end of all that?

Defendant responded, "Yes, Your Honor."

A guilty plea by itself does not bar a federal criminal defendant from challenging the constitutionality of the statute of conviction on direct appeal. *Class v. United States*, 138 S. Ct. 798, 803 (2018). But a valid guilty plea "renders irrelevant—and thereby prevents the defendant from appealing—the constitutionality of case-related government conduct that takes place before the plea is entered." *Id.* at 805; *see Haring v. Prosise*, 462 U.S. 306, 320 (1983) (stating "a guilty plea results in the defendant's loss of any meaningful opportunity he might otherwise have had to challenge the admissibility of evidence obtained in violation of the Fourth Amendment"). Thus, the omission of Defendant's Fourth Amendment arguments from his direct appeal does not constitute ineffective assistance of counsel. *See Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (per curiam) ("[C]ounsel's failure to advance a meritless argument cannot constitute ineffective assistance.").

For these reasons, as well as those set forth in the Order dated July 30, 2018, the record conclusively shows that Defendant is not entitled to relief. The Court therefore denies his amended § 2255 motion without an evidentiary hearing. *See Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013). No certificate of appealability is warranted. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's motion to alter or amend the judgment [Docket No. 184] is GRANTED.

2. The Judgment [Docket No. 183] is VACATED.

3. Defendant's motion for leave to amend his § 2255 motion [Docket No. 181] is GRANTED.

4. Defendant's amended § 2255 motion [Docket Nos. 177 & 181] is DENIED.

5. A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 1, 2018

                                                         s/ Joan N. Ericksen
                                                         JOAN N. ERICKSEN
                                                         United States District Judge